CLEMENTI, APPELLEE, *v.* WEAN UNITED, INC., APPELLANT;
MAYFIELD, ADMR., ET AL., APPELLEES.

[Cite as Clementi *v.* Wean United, Inc. (1988), 39 Ohio St. 3d 342.]

(No. 87-1671—Submitted June 7, 1988—Decided November 9, 1988.)

*Tablack, Wellman & Jeren* and *John A. Jeren, Jr.,* for appellee Gregory Clementi.

*Vorys, Sater, Seymour & Pease, F. Daniel Balmert, Jo Ann F. Wasil* and *Russell P. Herrold, Jr.,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Diane J. Karpinski,* for appellees James L. Mayfield, Administrator, Bureau of Workers' Compensation, and Industrial Commission.

MOYER, C.J. The sole issue presented in this case is whether the two-year notice requirement under R.C.

4123.84(A)(1) bars an additional claim for a "flow-through" or residual psychiatric condition under the Industrial Commission's continuing jurisdiction to modify orders pursuant to R.C. 4123.52. We have defined a "flow-through" or "residual injury" as "one developing in a body part not originally alleged per R.C. 4123.84(A)(1)." *Dent v. AT&T Technologies, Inc.* (1988), 38 Ohio St. 3d 187, 527 N.E. 2d 821. For the following reasons, we hold that the two-year notice requirement under R.C. 4123.84(A)(1) does bar such an additional claim for a "flow-through" or residual psychiatric condition.

R.C. 4123.84 provides in pertinent part:

"(A) *In all cases of injury or death,* claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) *Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation.*
"* * *

"(B)  * * *
"* * *

"The commission has continuing jurisdiction as set forth in section 4123.52 of the Revised Code over a claim which meets the requirement of this section, including jurisdiction to award compensation or benefits for loss or impairment of bodily functions developing in a part or parts of the body not specified pursuant to division (A)(1) of this section, if the commission finds that the loss or impairment of bodily functions was due to and a result of or a residual of the injury to one of the parts of the body set forth in the written notice filed pursuant to division (A)(1) of this section." (Emphasis added.)

R.C. 4123.52 provides in pertinent part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion, is justified. *No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits,* after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death, nor *unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code,* and the commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. *This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application; provided such application is filed within the applicable time limit as provided in this section.*" (Emphasis added.)

Wean United argues that the flow-through or residual condition of "generalized anxiety disorder" was barred because Clementi failed, for at least five years after the condition first manifested itself, to file an application for allowance. The trial court agreed

and stated that since R.C. 4123.84 requires that a claim be filed within two years after the injury, when a new condition is discovered which flows from an original injury, a claim for the new condition must be made within two years from the discovery thereof. The court of appeals, however, citing dicta in *Repan* v. *Connor* (Nov. 18, 1985), Belmont App. No. 85-B-19, unreported, reversed. "R.C. 4123.84(A)(1) * * * applies only to initial date injuries and not to residual or flow through injuries." *Repan* v. *Connor, supra.*

The trial court correctly interpreted the relationship between R.C. 4123.84 and 4123.52. There are a number of courts of appeals decisions that have disposed of the issue presented by this appeal. Because they are persuasive, we will review them here. In *Hall* v. *Diamond Internatl. Corp., supra,* the claimant filed an application for workers' compensation benefits for an "anxiety and nervous condition" in 1979. The claimant argued that this condition was a residual or flow-through injury from a back injury for which he had already been compensated in 1975. The claimant further argued that because the "anxiety-nervous condition" was a new and changed condition flowing from the original injury with the passage of time, he was entitled to compensation for the new condition under R.C. 4123.52. The court of appeals disagreed, stating:

"A review of the record demonstrates the 'anxiety-nervous condition' manifested itself three years prior to the filing of the claim. R.C. 4123.52, which provides for continuing jurisdiction in the Industrial Commission to modify or change former findings or orders, requires strict adherence to the two-year notice limitation of R.C. 4123.84 as to a claim for the specific part or parts of the body injured or disabled. The record clearly reveals that the 'anxiety-nervous condition' is an alleged injury or disability to a specific part or parts of the body other than the original back injury location, and the notice of the claim was not made until three years after its manifestation." *Id.* at 203-204, 24 OBR at 327, 493 N.E. 2d at 1371. The court of appeals in *Hall* v. *Diamond Internatl. Corp.,* therefore, held that the trial court properly granted the employer's motion for summary judgment.

The same court of appeals reached the same conclusion in *McCain* v. *Connor* (May 28, 1986), Hamilton App. No. C-850525, unreported, a case in which the appellant filed a claim in 1981 for a psychological condition allegedly resulting from a work-related injury sustained in 1978. Noting that the condition was first manifested in 1979 and the claim was filed more than two years later, the court of appeals, citing *Hall* v. *Diamond Internatl. Corp., supra,* held that the claim was barred by the statute of limitations found in R.C. 4123.84.

The Montgomery County Court of Appeals in *Brock* v. *Mayfield, supra,* also held that a claimant must file an application for allowance of an additional condition which is due to and a result of, or a residual of, a previously allowed condition within two years of the time that the claimant first knew or should have known that the additional condition was due to and a result of, or a residual of, a previously allowed condition. The court of appeals stated: "[w]e believe that the notice provisions of R.C. 4123.52, unrestricted by [their] own terms as to type of injury, appl[y] to residual or 'flow-through' injuries as well as any other new conditions. The notice language involves R.C. 4123.84, which establishes a two-year period within which to file for the new condition."

In *Brock,* the claimant was injured in 1979 in the course of and arising out of her employment. A claim was allowed for "torn medial meniscus of left knee" and "possible herniated nucleus pulposis at L-4, L-5." In 1983, the claimant filed a motion for allowance of the additional condition of "depressive reaction." Noting that the claimant admitted that she failed to file a motion for allowance of the "depressive reaction" claim within two years of the time she knew, or should have known, that the "depressive reaction" was due to, a result of, and/or residual of her industrial injuries sustained in 1979, the court of appeals held that her claim was barred by the statute of limitations. See, also, *Snyder* v. *Mayfield, supra,* and *Horn* v. *Mayfield* (Jan. 12, 1988), Montgomery App. No. CA 10468, unreported, in which the Court of Appeals for Montgomery County again held that a claimant did not timely file a motion to have his industrial claim additionally recognized for a psychiatric condition when he failed to file the claim within two years of the time he knew or should have known of this additional condition. The Court of Appeals for Stark County reached a similar conclusion in *Kirkbride* v. *Hoover Co.* (June 9, 1986), Stark App. No. CA-6848, unreported.

Clementi cites this court's decision in *Kittle* v. *Keller* (1967), 9 Ohio St. 2d 177, 38 O.O. 2d 414, 224 N.E. 2d 751, in support of his contention that his claim is not barred by the statute of limitations. In *Kittle,* this court held that "[a]n injured employee, who, after filing a claim within time and being awarded compensation or benefits, files an application for modification of that award more than two years after the original injury occurred in order to secure compensation for a subsequently developing disability directly caused by an injury sustained in the original accident but not described in the original application, is not barred of his right to continue to participate in the State Insurance Fund by virtue of Section 4123.84, Revised Code, which provides that claims for compensation for injuries are barred unless application is made to the Industrial Commission within two years after the injury, so long as such application for modification is filed within the ten-year period provided by Section 4123.52, Revised Code." *Id.* at syllabus. In 1956, Kittle injured his back in the course of and arising out of his employment. He filed an application for compensation within the two-year period, and his claim was allowed. Kittle then filed an application in 1962 for additional compensation for disability caused by a brain hemorrhage sustained in the original accident. As noted above, the court held that Kittle's claim for an additional allowance was not barred by either R.C. 4123.84 or 4123.52.

However, less than a year after the *Kittle* decision, the General Assembly amended R.C. 4123.84 and 4123.52 to essentially their present form. R.C. 4123.52 was amended to provide that the commission's jurisdiction would not continue "unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code * * *." (132 Ohio Laws, Part I, 1405.) Additionally, R.C. 4123.84 was amended to include a new requirement that notice of "the specific part or parts of the body injured" be given. (132 Ohio Laws, Part I, 1432.) The General Assembly also added the next to the last paragraph in R.C. 4123.84, as it now appears with minor changes, which provides·

"The commission has continuing jurisdiction as set forth in section 4123.52 of the Revised Code over a

claim which meets the requirement of this section, including jurisdiction to award compensation or benefits for loss or impairment of bodily functions developing in a part or parts of the body not specified pursuant to division (A)(1) of this section, if the commission finds that the loss or impairment of bodily functions was due to and a result of or a residual of the injury to one of the parts of the body set forth in the written notice filed pursuant to division (A)(1) of this section."

Clementi cites several cases in which courts reached a conclusion contrary to the judgments in *Hall* v. *Diamond Internatl. Corp., supra; Brock* v. *Mayfield, supra; Snyder* v. *Mayfield, supra; Horn* v. *Mayfield, supra*; and *Kirkbride* v. *Hoover Co., supra*. In *Edwards* v. *AT&T Technologies, Inc.* (July 21, 1987), Franklin App. No. 86AP-831, unreported, appeal pending in case No. 88-15, the Court of Appeals for Franklin County held that "the two-year limitation of R.C. 4123.84 does not apply to the allowance of the additional condition and that the defendant Industrial Commission properly applied the ten-year limitation of R.C. 4123.52 in recognizing plaintiff's claim for the additional psychiatric condition as a residual or flow-through condition." The court of appeals reached its decision emphasizing that R.C. 4123.95 requires that all provisions of R.C. Chapter 4123 be construed liberally in favor of employees.

Clementi also cites the court of appeals' decision in *Dent* v. *AT&T Technologies, Inc.* (July 21, 1987), Franklin App. No. 86AP-841, unreported. In *Dent,* the court of appeals concluded that "[b]oth R.C. 4123.84(A) and 4123.52 require that notice be given of the specific part or parts of the body claimed to have been injured, but neither require [*sic*] that notice be given as to the nature of the injury or

impairment of such bodily part or parts." We affirmed on the same grounds. See *Dent* v. *AT&T Technologies, Inc.* (1988), *supra. Dent,* however, is inapposite here because in that case the additional condition developed in the body part of which the claimant had given notice.

We conclude that the courts of appeals' decisions in *Hall* v. *Diamond Internatl. Corp., supra; Brock* v. *Mayfield, supra; Snyder* v. *Mayfield, supra; Horn* v. *Mayfield, supra*; and *Kirkbride* v. *Hoover Co., supra,* contain the better interpretation of the relationship between R.C. 4123.84 and 4123.52. The 1967 amendments to R.C. 4123.84 and 4123.52 apparently were made to expand the notice requirements and therefore the statute of limitations requirements to residual or flow-through conditions. In *Wargetz* v. *Villa Sancta Anna Home for the Aged* (1984), 11 Ohio St. 3d 15, 17, 18, 11 OBR 49, 51, 52, 462 N.E. 2d 1215, 1217, 1218, this court stated that "[s]tatutes of limitations are constitutionally permissible methods of preventing stale claims, in order that necessary evidence pertinent to the issues is preserved. * * * [T]he statutory classification directly furthers a permissible objective: insuring that the proper processing agent of a workers' compensation claim receives *notice* of a potential claim before the continuing jurisdiction provisions of R.C. 4123.52 are involved by the tolling of the statute of limitations. Notice is imperative in that subsequent measures can be taken by the responsible party to protect its resources.

"Further, notice to the commission or bureau is especially important to the stability of the State Insurance Fund. Since premium rates are established according to the liability history of the participating employers, the two-year bar aids the administrator in

his effort to balance payments made and funds collected. An extended period in which to file could result in unrealistic rate-setting." (Emphasis added.)

We therefore hold that R.C. 4123.84 requires a claimant to file a motion for an additional allowance within two years of the time the claimant knew or should have known of the additional condition. Accordingly, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

*Judgment accordingly.*

LOCHER, HOLMES and WRIGHT, JJ., concur.

SWEENEY, DOUGLAS and BAIRD, JJ., dissent.

WILLIAM B. BAIRD, J., of the Ninth Appellate District, sitting for H. BROWN, J.

DOUGLAS, J., dissenting. Given this court's recent decision in *Dent* v. *AT&T Technologies* (1988), 38 Ohio St. 3d 187, 527 N.E. 2d 821, and, as admitted in the majority opinion, the explicit language in the next to last paragraph in R.C. 4123.84, it is difficult to know what to write in dissent and to understand how the majority could reach its decision. Simply put — it is inexplicable.

For some reason, this court, in this case, has not only decided to set itself up as a "super" Industrial Commission but also as a "super" trial court. To do this, the majority, by necessity, has ignored the holding in *Dent* and has ignored the *specific* language of R.C. 4123.84. Worse than this, the majority then moves to weigh evidence (not a function of this court) *that is not even in the record!* If a trial court or a court of appeals in this state engaged in such activity in a particular case, and we were called upon to review such action, I have no doubt that we would, and properly so, summarily reverse the judgment of the offending court. A short explanation is in order.

Claimant-appellee's claim for a psychiatric condition-general anxiety disorder was granted during the course of administrative proceedings. The appellant, pursuant to R.C. 4123.519, properly appealed this final order of the commission to the court of common pleas. Such an appeal contemplates a *de novo* proceeding in the trial court. Notwithstanding that the appellant-company appealed, the burden of proof to establish the claim remains with the claimant. To meet that burden in this case, the claimant would have to show that he had a psychiatric condition and that the condition flowed from his previous injuries. Before the claimant had any opportunity to prove his case, the trial court granted summary judgment to the appellant on the basis of the statute of limitations. Hence, other than the information of record submitted by claimant, there is *no* record in the proceedings of the trial court or the court of appeals on the issues in question.

Notwithstanding the state of the non-record, the majority proceeds to weigh the non-evidence and concludes that: "The 1967 amendments to R.C. 4123.84 and 4123.52 apparently were made to expand the notice requirements and therefore the statute of limitations requirements to residual or flow-through conditions." This is completely the opposite of our holding in *Dent* and ignores the clear language found in the next-to-last paragraph of R.C. 4123.84.

Before the statute of limitations utilized by the majority can be applied, it must be shown that the claimant's

claim is a *new* one and is *not* a flow through from one of his previously allowed claims. The record before us contains *no* evidence to show that this was not a flow-through injury. This question was never addressed or decided by the trial court or the court of appeals. It *must* be addressed before there can be a determination as to whether the limitations statute applied by the majority to this claim is being properly construed. Thus, when the majority grants final judgment to appellant without first giving the claimant the opportunity to show that his claimed injury is a flow-through condition and that he, therefore, is in compliance with the provisions of R.C. 4123.84 and 4123.52, it treats this claimant unfairly. It may well be that the claimant cannot show that his injury is of a flow-through nature. If not, then the statute of limitations would apply. If, however, there is competent medical evidence that this additional claimed condition is connected with one or both of his previous injuries, then claimant should have the opportunity to prove that he has the "right to participate" in the fund.

Accordingly, this case should be remanded to the trial court for further proceedings on the question of whether the claim of appellee is one of a flow-through nature. Since the majority opinion does not do so, I respectfully dissent.

SWEENEY, J., concurs in the foregoing dissenting opinion.

BAIRD, J., dissenting. After having given timely written notices of specific parts of the body suffering industrial injuries, Clementi now seeks additional compensation for a loss or impairment to a body part not specified in the original notices, but which he claims he has suffered as a direct result of the injuries to the parts that were specified in the original notices. The original injuries were in 1974 and 1975, and his claims therefor were filed in 1975 and 1976, respectively. His motions for additional compensation were made in 1984.

The issue is whether the Industrial Commission has continuing jurisdiction to modify Clementi's benefits, pursuant to the provisions of R.C. 4123.52, unencumbered by the two-year limitations period provided in R.C. 4123.84.

This issue was squarely addressed by this court in *Kittle* v. *Keller* (1967), 9 Ohio St. 2d 177, 38 O.O. 2d 414, 224 N.E. 2d 751. In holding that such claims are not barred by the two-year statute of limitations, (then) Judge O'Neill, writing for a unanimous court, observed:

"Faced as we are here with a choice between closing the door on some possibly fraudulently based claims and thus denying to an injured workman the compensation to which he is justly entitled, or granting such compensation and risking the possibility that some fraudulent claims will be successful under the rule, the majority of this court is of the opinion that the Legislature intended that once it has been established by a claimant that he was injured in the course of and arising out of his employment, and his claim has been allowed and compensation or benefits paid, the Industrial Commission has continuing jurisdiction, pursuant to Section 4123.52, Revised Code, to modify or change its findings or orders, and pursuant to a proper application by the claimant, supported by proper evidence, the commission has jurisdiction to grant compensation for a subsequently developing disability resulting from an injury which was suffered at the time of the original accident, and the payment of such compen-

sation or benefits is not barred by the two-year provision of Section 4123.84, Revised Code, even though such disability was not diagnosed and such injury was not discovered until after the two-year statutory period had run." *Id.* at 185, 38 O.O. at 419-420, 224 N.E. 2d at 757.

Shortly after the *Kittle* decision was announced, the General Assembly amended the applicable statutes to essentially their present form. As they then and now stand, the legislative enactments constitute a codification of the *Kittle* language, rather than a rejection thereof.

This is illustrated by the adoption in 1967 of the penultimate paragraph of R.C. 4123.84, which provides (after minor changes adopted since then) as follows:

"The commission has continuing jurisdiction as set forth in section 4123.52 of the Revised Code over a claim which meets the requirement of this section, including jurisdiction to award compensation or benefits for loss or impairment of bodily functions developing in a part or parts of the body not specified pursuant to division (A)(1) of this section, if the commission finds that the loss or impairment of bodily functions was due to and a result of or a residual of the injury to one of the parts of the body set forth in the written notice filed pursuant to division (A)(1) of this section."

Even without the assistance of the liberal construction rule mandated by R.C. 4123.95, this provision of R.C. 4123.84 clearly and unambiguously provides that a newly developing impairment may be the basis of an award, as long as such impairment is the result of the injury to one of the body parts that was set forth in a proper notice.

There is nothing about this legislative action or the twenty-one years which have elapsed since the *Kittle* decision which warrants upsetting the clear rule established thereby. Accordingly, I believe that the judgment of the court of appeals in this respect[1] should be affirmed.

DOUGLAS, J., concurs in the foregoing dissenting opinion.

---

[1] That portion of the judgment of the court of appeals which granted final judgment to Clementi should, however, be reversed. The case should be remanded to the trial court, thus affording Clementi the opportunity to prove, if he can, that the impairment about which he now complains was in fact due to and a result of his original injuries.