**Kirkwood**
v.
**Neptune Worldwide Movers**
*[Cite as 2 AOA 471]*

*Case No. 1837*
*Medina County, (9th)*
*Decided March 28, 1990*

*R.C. 4123.84*

*Eric P. Allen, Attorney at Law, 33 Public Square, Room 310, Cleveland, OH 44113 for Plaintiff.*

*Fred J. Pompeani, Asst. Attorney General, 615 W. Superior Ave. Cleveland, OH 44113 for Defendants.*

CIRIGLIANO, J.

Appellant, Daniel Kirkwood (Daniel), appeals from the decision of the trial court dismissing his workers' compensation appeal because it was barred by *res judicata* and collateral estoppel. We affirm.

*Facts*

On December 5, 1979, Daniel sustained injuries to his left shoulder and left knee while employed by Neptune World Wide Movers. Daniel's claim for workers' compensation was allowed for contusion of the left shoulder and left knee and permanent partial benefits were awarded.

On July 7, 1983, Daniel asked the Industrial Commission of Ohio to amend his claim to include injury to his left hip in addition to the previously allowed conditions. In support of his motion, Daniel submitted the report of Dr. Timothy Stephens in which Dr. Stephens stated that:

"It is my opinion that Mr. Kirkwood's condition of his left hip, namely the degenerative arthritis, was a pre-existing condition. However, this condition was aggravated *at the time of the industrial injury* which now is resulting in persistent pain and discomfort in the left hip." (Emphasis added)

Daniel's request was denied at the district and regional levels on the grounds that he failed to file his claim within the two year statute of limitations. No appeal was taken. Daniel agrees that this was a final determination of that cause of action.

On January 27, 1987, Daniel again requested permission to add the aggravation of the pre-existing arthritis of his left hip to his 1979 claim. In support Dr. Sheldon Kaffen submitted a report which reads in part, as follows:

"Since that time (the date of the 1979 injury) to the present he had had swelling and pain in his left knee. The pain is aggravated by prolonged weight bearing and motion. The knee gives way frequently. The pain is localized to the medical aspect...

"Since attempting to bear weight and with the instability of his left knee he has developed pain in his left hip area. The pain in his left hip has become progressively more severe and is aggravated by weight bearing and improved with rest...

"The above findings indicate a diagnosis of contusion and strain of the left knee. In addition, he has symptoms and instability of the left knee which have caused aggravation of pre-existing osteoarthritis of his left hip.

The district hearing officer of the Industrial Commission denied the request because the additional allowance for the left hip was previously denied in 1983 rendering the issue *res judicata*. Daniel appealed to the Regional Board of Review. The Regional Board of Review upheld the decision of the district hearing officer.

Daniel's appeal to the common pleas court was unsuccessful. The trial court dismissed the appeal on the grounds that *res judicata* and collateral estoppel barred his claim. In his appeal to this court Daniel assigns one error.

### ASSIGNMENT OF ERROR

"Because plaintiff-appellant alleged a 'flow-through' condition not identical to the 'aggravation' claim denied earlier by the Industrial Commission, the District Court erred in dismissing plaintiff-appellant's workers' compensation appeal on the basis of *res judicata*."

Daniel contends that *res judicata* does not bar his present claim because this claim alleges a flow through injury. A flow through injury is one which manifests itself after the injury date. R.C. 4123.84. Claims for flow through injuries must be filed within two years of the time the claimant knew or should have known of the additional condition. See R.C. 4123.84; *Clementi* v. *Wean United, Inc.* (1988), 39 Ohio St. 3d 342. Daniel contends that this flow through cause of action is different from his first claim of aggravation of a pre-existing injury and as such cannot be barred on *res judicata* grounds.

The Ohio Supreme Court has developed the concept of *res judicata* during the last two decades from the narrow holdings of *Norwood* v. *Mcdonald* (1943), 142 Ohio St. 299 to include claims which were or might have been litigated. *Rogers* v. *Whitehall* (1986), 25 Ohio St. 3d 67, 69.

In 1983, Daniel asserted and was denied his claim for aggravation of the pre-existing hip injury because he failed to file the claim within the two year time period following his industrial injury. R.C. 4123.84. Regardless of the correctness of this decision, no appeal was taken. Four years later, Daniel again sought to add the very same left hip condition to his claim now calling it a residual or flow through injury.

There is no authority that would allow this court to limit the principles of *res judicata* so that it would not apply here or to expand the construction of R.C. 4123.84 to provide relief to Daniel. We must overrule Daniel's assignment of error and affirm the trial court's decision.

*Judgment affirmed.*

QUILLIN, P. J.
Concurs

BAIRD, J.
Concurs saying:

The application of the doctrine of *res judicata* was first applied to administrative proceedings in *Superior's Brand* v. *Lindley* (1980), 62 Ohio St. 2d 133. That decision recognized "*** the need for flexibility in applying the doctrine of collateral estoppel to the administrative decision-making process ***." *Superior's Brand, supra*, p.135. As I read that decision, the court was emphasizing the identity of parties and issues, and I see no mention therein of the doctrine being applicable to an issue that could have been raised.

In the case at bar, the first determination was that that claim, which was that a previous condition was aggravated at the time of the original injury, was barred by the statute of limitations. The claim presently asserted is that the hip condition is caused by the residual effects of what happened to the claimant's body as a result of the original injury. This is something which by definition arises after the original injury, and its basis is completely separate and distinct from that upon which the earlier determination was based. Not only was this claim not in fact litigated in the earlier proceeding, but also it is difficult to imagine how it could have been, since the two claims are based upon different causes and there is an element of mutual or reciprocal defeat in the two claims.

The claim presently before us is, however, time barred by the requirement that it be brought within the two years of the time that the claimant knew of the condition. *Clementi* v. *Wean United, Inc.* 91988), 39 Ohio St. 3d 342. Since I believe the trial court's disposition of the case should be affirmed on that basis, I concur in the judgement of the majority.