ROSTORFER, Appellant,

v.

MAYFIELD, Admr., Bureau of Workers' Compensation et al., Appellees.

[Cite as *Rostorfer v. Mayfield* (1991), 72 Ohio App.3d 515.]

Court of Appeals of Ohio,
Marion County.

No. 9-89-59.

Decided Feb. 15, 1991.

*Jeffrey M. Decile,* for appellant.

*Lee I. Fisher,* Attorney General, and *Scott A. Armour,* Assistant Attorney General, for appellees.

---

THOMAS F. BRYANT, Presiding Judge.

This is an appeal from the judgment of the Marion County Court of Common Pleas granting appellees, James L. Mayfield, Administrator, and Bureau of Workers' Compensation, Industrial Commission of Ohio, summary judgment dismissing appellant's complaint.

The appellant, Charles Rostorfer, then an employee of Tecumseh Products Company, while working on February 5, 1965, sustained an injury to his lower back for which he was awarded benefits by the Industrial Commission. On September 14, 1987, appellant filed a request for additional allowance for the development of disabling depression as a result of the February 5, 1965 injury. Appellant was subsequently denied additional benefits at each level of the administrative process. Appellant filed a complaint with the Marion County Court of Common Pleas.

On August 30, 1989, the trial court ordered the appellees to file a memorandum substantiating their defenses within fourteen days or risk the dismissal of those defenses. Appellees filed their memorandum and motion to dismiss

and/or for summary judgment on September 18, 1989. An attachment containing a portion of appellant's deposition was omitted from the September 18 motion/memorandum and was subsequently filed on September 21, 1989 in conjunction with a complete copy of the appellant's deposition. Appellant filed a motion to strike or compel on September 25, 1989, requesting the trial court to disregard appellees' September 18 motion as it was filed after the fourteen-day deadline set by the court and also requesting that the court order appellees to provide appellant with a copy of appellant's deposition. The trial court overruled appellant's motion to strike/compel on September 29, 1989, and extended the appellant's time for response to the motion to dismiss/summary judgment until October 13, 1989. The trial court in its entry of September 29, 1989, determined it could accept appellees' memorandum/motion within its discretion and that the motion to compel had no merit. Appellant filed his response to appellees' motion to dismiss/summary judgment on October 12, 1989. Appellant's response attacked the sufficiency of an affidavit submitted in support of appellees' motion. Appellant claimed the affidavit was not probative because of the insertion of the wrong claimant's name in two places in the body of the affidavit. Appellees filed a corrected affidavit on October 19, 1989. No subsequent response was filed by appellant. On November 3, 1989, the trial court entered its final judgment dismissing the appellant's claim upon finding that the claim was barred by the statute of limitations. It is from this judgment Charles Rostorfer now appeals, asserting the following five assignments of error.

"1. The trial court erred to the prejudice of the plaintiff by permitting the defendants to serve a statement upon the court in connection with the defendants' motion for summary judgment and/or motion to dismiss, and by not requiring the defendants to serve said statement upon the plaintiff.

"2. The trial court erred to the prejudice of the plaintiff by finding that the statute of limitations, pertaining to plaintiff's claim, had expired.

"3. The trial court erred to the prejudice of the plaintiff by considering inadmissible evidence in ruling upon the defendants' motion for summary judgment and/or motion to dismiss.

"4. The trial court erred to the prejudice of the plaintiff by considering evidence that was submitted by the defendants after October 13, 1989, the deadline for the submission of evidence, and after the date on which the Civ.Rule 56(C) hearing was to take place.

"5. The trial court erred to the prejudice of the plaintiff by granting the defendants' motion for summary judgment and/or motion to dismiss and by entering a final judgment of dismissal against the plaintiff."

In assignments of error one, three, and four, appellant claims the trial court erred by not requiring appellee to provide appellant with a copy of appellant's deposition, by considering the original affidavit containing textual errors and by considering the corrected affidavit filed October 18, 1989.

█ Civ.R. 30(F)(2) and (3) require the court officer before whom the deposition was taken (here the notary/court reporter) to provide a copy of a deposition to any party or deponent upon payment and any party requesting filing of the deposition must give notice of the filing to all other parties pursuant to Civ.R. 5. Staff Note to Civ.R. 30(F)(3). Notice of the filing of appellant's deposition was given by appellee on September 21, 1989. Thus, appellee did all that was required by the Rules of Civil Procedure for filing and use of the depositions in question. The appellees were under no obligation to provide appellant with a full copy of appellant's deposition simply because appellees made reference to the deposition and submitted an excerpt of the deposition in support of their motion to dismiss/summary judgment.

█ Furthermore, the trial court's decision not to consider the affidavit filed on September 18, 1989 containing errors and its decision to consider the corrected affidavit filed on October 18, 1989 are matters within the discretion of the trial court. October 13 was the date set by the trial court for appellant's response to appellees' motion. This record does not support appellant's assertion that this date was a hearing date or a date for final submission of evidence as argued by the appellant. Even if October 13 were the final date to submit evidence on the motion, there is no rule to preclude the clerk from accepting the filing of the evidence, nor is there any that would preclude the court, in its discretion, from considering it once filed. Late filing of evidence, if accepted and considered, does not destroy its evidentiary value to the court. Appellant's first, third and fourth assignments of error are overruled.

Appellant in his fifth assignment of error attacks the trial court's final judgment entry claiming there is a genuine issue of material fact to be tried. Although appellees' motion was entitled a motion to dismiss/summary judgment, the trial court purported to grant a Civ.R. 41(B)(4) motion to dismiss and not a Civ.R. 56(C) motion for summary judgment. However, the trial court followed the procedural requirements for making a summary judgment determination and, placing ourselves in the position of that court, upon review we find the trial court could reasonably have found that there was no genuine issue of material fact and that even when the facts were construed most favorably to the appellant the appellees were entitled to judgment as a matter of law. Appellant having pointed out no material fact in issue to countervail the appellees' demonstration that none exists, the fifth assignment of error is overruled.

■  Appellant's second assignment of error attacks the trial court's application of the two-year statute of limitations.  Appellant first filed on September 14, 1987 a motion for additional workers' compensation allowance for depression associated with the injury previously allowed.  In his deposition, appellant stated he first became aware of the debilitating depression and its correlation to his back pain in the fall of 1983.  Appellant claims the trial court ought not apply the two-year statute of limitations to his claim arising from an injury in 1965.  Appellant cites *Gregory v. Flowers* (1972), 32 Ohio St.2d 48, 61 O.O.2d 295, 290 N.E.2d 181, in support of his argument.  In that case, Lewis T. Gregory injured his neck and lower back during the course of his employment in 1959.  Gregory timely filed an application for compensation for the neck injury and was compensated for that injury.  In December 1967, the back injury required hospitalization and surgery.  In June 1968, Gregory filed a claim for the additional expenses resulting from the back injury.  The application was denied during the administrative process as a claim unrelated to the neck injury.  The trial court held the back injury was related to the 1959 accident but was barred by the two-year limitations period of R.C. 4123.84 as amended in December 1967.  The court of appeals reversed, finding the two-year limitations period could not be applied retroactively denying Gregory's claim.  The Supreme Court of Ohio affirmed the court of appeals and held the retroactive application of the two-year limitations period was unconstitutional.  *Gregory,* 32 Ohio St.2d at 48–49, 61 O.O.2d at 295–296, 290 N.E.2d at 181–183.

As effective in 1964, R.C. 4123.84 required claims for compensation to be made in writing to the Industrial Commission or the Bureau of Workmen's Compensation within two years of injury.[1]  The statute as it existed in 1965, the year in which appellant's injury in this case occurred, simply required that

---

1.  1964 Claims barred after two years; exceptions.
    R.C. 4123.84: "(A) In all cases of injury or death, claims for compensation or benefits shall be forever barred unless, within two years after the injury or death:
    "(1) *written* application has been made to the industrial commission of the bureau of workmen's compensation, or
    "(2) *in* the event the employer has elected to pay compensation or benefits directly:
    "(a) *written* notice of injury has been given to the commission or bureau, or
    "(b) *compensation* or benefits have been paid or furnished equal to or greater than is provided for in sections 4123.52, 4123.55 to 4123.62, inclusive, and 4123.64 to 4123.67, inclusive, of the Revised Code, or
    "(3) *written* notice of death has been given to the commission or bureau.
    "(B) As used in division (A)(2)(b) of this section 'benefits' means payment by a self-insured employer to, or on behalf of, an employee for:
    "(1) *A* hospital bill, or
    "(2) *A* medical bill to a licensed physician or hospital, or

written notice of a claim for compensation be made within two years of injury. Since the record is silent as to the filing of the claim in 1965, we assume this requirement was met because compensation of the injury then claimed was apparently allowed. The statute was amended in 1967 to require that written notice of a claim be given within two years of *injury to the specific part or parts of the body* for which compensation is claimed. The 1967 amendment also gave the commission continuing jurisdiction for flow-through injuries developing in a part or parts of the body previously unspecified in a claim.[2]

In 1983, appellant began to suffer from chronic depression allegedly resulting from his 1965 injury. Appellee asserts the holding in *Clementi v. Wean*

---

"(3) *An* orthopedic or prosthetic device.

"The commission shall provide printed notices quoting in full * * * *division* (A) of this section, and every employer who is authorized to pay compensation direct to injured employees or dependents of killed employees shall be required to post and maintain at all times one or more of such notices in conspicuous places in the workshop or places of employment." (As amended in Amended House Bill No. 5.) (Emphasis added.)

**2.** 1967 Claims barred after two years; exceptions.

R.C. 4123.84: "(A) In all cases of injury or death, claims for compensation or benefits *for the specific part or parts of the body injured* shall be forever barred unless, within two years after the injury or death:

"(1) Written *notice of the specific part or parts of the body injured* has been made to the industrial commission or the bureau of workmen's compensation, or

"(2) In the event the employer has elected to pay compensation or benefits directly:

"(a) Written notice of *the specific part or parts of the body claimed to have injured has been given to the* commission or bureau, or

"(b) Compensation or benefits have been paid or furnished equal to or greater than is provided for in sections 4123.52, 4123.55 to 4123.62, inclusive, and 4123.64 to 4123.67, inclusive, of the Revised Code, or

"(3) Written notice of death has been given to the commission or bureau.

"(B) As used in division (A)(2)(b) of this section 'benefits' means payment by a self-insured employer to, or on behalf of, an employee for:

"(1) A hospital bill, or

"(2) A medical bill to a licensed physical or hospital, or

"(3) An orthopedic or prosthetic device.

"The commission shall provide printed notices quoting in full division (A) of this section, and every employer who is authorized to pay compensation direct to injured employees or dependents of killed employees shall be required to post and maintain at all times one or more of such notices in conspicuous places in the workshop or places of employment.

"*The commission shall have continuing jurisdiction as set forth in section 4123.52 over a claim which meets the requirement of this section, including jurisdiction to award compensation or benefits for loss or impairment of bodily functions developing in a part or parts of the body not specified pursuant to paragraph 1 of division (A) of this section, if the commission finds that the loss or impairment of bodily functions was due to and a result of or a residual of the injury to one of the parts of the body set forth in the written notice filed pursuant to paragraph 1 of division (A) of this section.*

"*Any claim pending before the administrator of the bureau of workmen's compensation, a board of review, the industrial commission, or a court on the effective date of this act in which the remedy is affected by section 4123.84 of the Revised Code shall be governed by the*

*United, Inc.* (1988), 39 Ohio St.3d 342, 530 N.E.2d 909, controls the disposition of appellant's claim. The Ohio Supreme Court in *Clementi* held that R.C. 4123.84 required a claimant to file within two years of the time the claimant knew or should have known of the flow-through psychiatric condition. *Id.* at 346–347, 530 N.E.2d at 912–913. Appellee argues that both *Clementi* and R.C. 4123.84 require appellant to have filed a claim within two years of his discovering the psychiatric condition in 1984. However, in *Clementi*, Gregory Clementi's claim arose under R.C. 4123.84, as the statute existed in 1974 and 1975. The two-year requirement for claiming residual or flow-through injuries had been in effect since 1967.

In 1965, when appellant's claim in this case is said to have originated, there was no imposition of a two-year limitations period for flow-through or residual injuries; however, there was also no recognized statutory right to recover for flow-through or residual injuries. Imposition of R.C. 4123.84, as amended in 1967, would not deny appellant in this case any accrued substantive right to compensation. R.C. 4123.84 as it existed in 1965 did not provide for the recovery of residual or flow-through injuries. The statute as amended in 1967 created the substantive right to recover for a residual or flow-through injury and also created the two-year limitations period for application of benefits flowing from an original claim. Unlike the appellant in *Gregory*, imposition of the 1967 statute does not deny the appellant in this case an accrued substantive right. Summary judgment granted for the claim of a residual or flow-through injury upon application of the two-year statute of limitations in R.C. 4123.84 as modified in 1967 is appropriate. Appellant's second assignment of error is overruled.

For the reasons stated above and upon the authorities cited and discussed, the judgment of the Court of Common Pleas of Marion County is affirmed.

*Judgment affirmed.*

HADLEY and EVANS, JJ., concur.

---

*terms of this section."* (As amended in Amended Substitute House Bill No. 268.) (Emphasis added.)