OPINION
The present appeal arises from the decision of the Jefferson County Court of Common Pleas wherein an injured worker's complaint was dismissed on the grounds that the trial court lacked jurisdiction to hear the case. For the reasons set forth below, the decision of the trial court is reversed and this cause is remanded.
 I. FACTS
The underlying facts in this matter reveal that Donald J. Irwin, ("appellant" herein) was employed by Ohio Valley Hospital ("appellee" herein) when he sustained an injury during the course and scope of his employment on April 16, 1986. At the time of the injury, appellee was a self-insured employer in compliance with the Workers' Compensation laws of the State of Ohio. Appellant filed a claim with the Ohio Bureau of Workers' Compensation and said claim was designated number 912071-22. An initial allowance of lumbosacral sprain and strain was granted in the claim and appellant received various medical and compensation benefits thereunder.
Subsequent to the initial allowance in the claim, appellant chose to file a C-86 form on August 24, 1994. The purpose of this form was to request that the additional conditions of "lumbar radiculopathy at S1 left, bulging causing nerve root compression syndrome" be added to the list of allowed conditions in his Workers' Compensation claim. This matter was heard by a district hearing officer on October 5, 1994 who made the following conclusion:
 "The claim is specifically disallowed for the condition(s) of: "Bulging at Sl with radiculopathy and nerve root compression' as there is no medical evidence which establishes, within reasonable medical probability, that the condition exists or is causally related to this claim. The report of Dr. Brocker was not found persuasive as no diagnostic studies were ruled upon and no causal statement was given." (Emphasis added).
A timely appeal was filed from this disallowance and the matter was scheduled for a hearing before a staff hearing officer on November 29, 1994. It was the determination of the staff hearing officer that the prior decision be affirmed and that the claim continue to be denied as related to the additional allowances. Appellant again filed a timely appeal from the denial. By way of its order dated December 27, 1994, the Industrial Commission refused to hear appellant's appeal.
Having exhausted his administrative remedies, appellant filed an action in the Jefferson County Court of Common Pleas on March 6, 1995 as related to the disallowance of the additional conditions in his Workers' Compensation claim. Appellant's initial complaint was voluntarily dismissed pursuant to Civ.R. 41(A) on September 22, 1995. This action was subsequently refiled in the common pleas court on September 19, 1996. After filing an answer to appellant's complaint, appellee filed what it termed a "Civil Rule 12 Motion for Judgment on the Pleadings and for Summary Judgment Under Rule 56."
Appellee provided three bases for its motion. First, it was argued that appellant failed to file a timely appeal from the Industrial Commission to the Common Pleas Court. Appellee contended that the appeal was filed outside the requisite sixty day time frame. Second, appellee argued that the original C-86 was not timely filed which requested the additional conditions. It was asserted that appellant knew of the additional conditions well before 1994 and as such should be precluded from seeking their allowance in his claim. Finally, appellee argued that the trial court did not have jurisdiction to hear the case as the matter appealed to the court was an extent of disability question. In that a common pleas court may only address issues which relate to the right to participate, appellee argued that the case should be dismissed. Appellant filed a memorandum in opposition to appellee's motion on October 30, 1996 indicating that all appeals had been timely filed and the trial court did in fact have jurisdiction over the case.
In its January 16, 1997 judgment entry, the trial court adopted appellee's position that it did not have jurisdiction to hear the case. The trial court viewed the request for additional allowances as encompassing a question of appellant's extent of disability rather than his right to participate. Therefore, the action was dismissed. A timely notice of appeal was filed by appellant on February 14, 1997.
 II. ASSIGNMENT OF ERROR
Appellant's sole assignment of error on appeal reads:
 "THE COURT ERRED IN HOLDING THAT AN ADDITIONAL ALLOWED CONDITION COULD NOT BE BROUGHT PURSUANT TO R.C. 4123.512."
Appellant argues that the trial court misconstrued his request for the allowance of additional conditions as being an extent of disability question rather than one relating to his right to participate. In support of his position, appellant cites to the cases of Zavatsky v. Stringer (1978), 56 Ohio St.2d 386 andMcClosky v. Regal Mining, Inc. (1997), 78 Ohio St.3d 171 for the proposition that a request for an additional condition subsequent to the initial allowance of a claim pertains to a claimant's right to participate.
Appellee responds to this argument by reasserting the three arguments originally proposed in its motion for judgment on the pleadings and motion for summary judgment. While the trial court dismissed the case solely on the jurisdictional question, appellee argues that the court was presented with two additional bases in which to rely upon to dismiss the case. Therefore, in the event this court should decide the trial court did have jurisdiction to hear the case, appellee argues that the timeliness of the original C-86 motion as well as the timeliness of the appeal to the trial court should be analyzed to determine whether appellant's case should have been dismissed on other grounds. As such, we will first present the standard of review applicable to this appeal and then will turn to separately addressing each of the grounds for dismissal advanced by appellee.
In considering a motion for summary judgment, Civ.R. 56(C) controls and provides that before such a motion may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509,511. Additionally, the party moving for summary judgment has the responsibility of clearly showing an entitlement to the granting of its motion:
 "[A] party seeking summary. judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293.
Due to the fact that summary judgment is designed to cut short the litigation process, trial courts should award such with caution, resolving doubts and construing evidence in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,360. In that a grant of summary judgment disposes of a case as a matter of law, this court's analysis on appeal is conducted under a de novo standard of review. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105.
Similarly, dismissal pursuant to Civ.R. 12(B)(6) is appropriate only when it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief. Pollock v. Rashid (1996),117 Ohio App.3d 361, 368 citing O'Brien v. Univ. Community TenantsUnion. Inc. (1975), 42 Ohio St.2d 242. A motion pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint, and the trial court in ruling on such a motion, must take all the allegations in the complaint as true, drawing all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192.
 A. EXTENT OF DISABILITY VS. RIGHT TO PARTICIPATE
As recently as January of 1999, this court has had the opportunity to review whether the disallowance of an additional condition in an individual's Workers' Compensation claim is properly classified as an extent of disability question or a right to participate question. In light of Ohio Supreme Court authority on the issue, this court decided in Long v. Cuarto Mining Co.
(Jan. 28, 1999), Monroe App. No. 799, unreported, that such circumstances pertain to a claimant's right to participate and therefore an appeal to the common pleas court is appropriate. Id.
at 8.
In arriving at this decision, we first looked to R.C.4123.512 which governs the jurisdiction of a trial court to hear a matter appealed from an administrative decision of the Ohio Bureau of Workers' Compensation. The relevant portion of R.C.4123.512 states:
 (A) The claimant or the employer may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made * * *." (Emphasis added).
Based upon the restrictions in the statute as to what issues are appealable to the common pleas court, the Ohio Supreme Court has previously held that the only decisions which are reviewable by a court of common pleas are those involving "a claimant's right to participate or continue to participate in the [Ohio Workers' Compensation] fund." Afrates v. Lorain (1992), 63 Ohio St.3d 22,26. Amongst those issues which are encompassed in the scope of a claimant's right to participate, is the allowance or disallowance of an additional condition subsequent to the initial allowance of a claim. McClosky v. Regal Mining, Inc. (1997), 78 Ohio St.3d 171,172 citing Afrates, supra.
Due to the court's unequivocal opinion on this issue, this court must hold, as it did in Long, supra, that the trial court erred in dismissing appellant's complaint. The common pleas court clearly was the proper venue as appellant's appeal related to his right to participate. Although this determination disposes of the trial court's reasoning behind dismissing appellant's case, we will nonetheless proceed to address the additional two bases which appellee argues supported a dismissal.
 B. TIMELINESS OF C-86 MOTION
Appellee next argues that appellant's complaint should have been dismissed on the grounds that the original request for the additional allowances (the August 24, 1994 C-86 motion) was not timely made. In support of this argument, appellee cites to the case of Clementi v. Wean United, Inc. (1988), 39 Ohio St.3d 342
for the proposition that a motion for an additional condition must be filed within two years of the time in which the claimant knew or should have known of the condition's existence.
As with appellee's initial basis for dismissing appellant's case, this court has similarly addressed appellee's timeliness argument when we issued our decision in Long, supra. Pursuant to the Ohio Supreme Court's opinion in Dent v. ATT Technologies,Inc. (1988), 38 Ohio St.3d 187, which has previously been followed by this court in Jones v. Trimble (1995), 101 Ohio App.3d 240 andLong, supra, the provisions of R.C. 4123.84 only require a claimant to give notice within two years of the date of injury of the parts of the body which are claimed to be injured. Dent,supra at 189. In the event notice has been given of the specific body part, for example the back, a claimant may apply for additional conditions to the affected "area at any point during the life of the claim.
It is undisputed that appellant's. original application for Workers' Compensation benefits was timely filed in 1986. At that time, the employer was put on notice and appellant's claim was allowed for a condition to the back. As a result, appellant was permitted during the life of his claim to request that additional conditions be added as related to this body part. See Dent, Jones
and Long, supra.
Appellee's reliance upon Clementi, supra is misplaced. As this court explained in Long, Clementi stood for the proposition that a claimant must request that a "residual" or "flow through" condition be added to his or her claim within two years of the date the claimant knew or should've known of the new condition.Long, at 9. A "residual" or "flow through" condition has previously been defined as one which develops in a body part not originally alleged pursuant to R.C. 4123.84(A)(1). Dent, supra at 189. An "additional" condition is different in that it occurs in a body part which has already been formally recognized in the original claim. The Ohio Supreme Court emphasized in Lewis v.Trimble (1997), 79 Ohio St.3d 231 that neither Clementi nor the two year limitation period were applicable to a situation where an additional condition to a previously recognized body part was being requested. Id. at 237-238. Therefore, appellant was not restricted in requesting the additional back conditions and said request cannot be viewed as untimely.[1] Appellee's second basis for dismissing appellant's complaint is also without merit.
 C. TIMELINESS OF APPEAL TO COMMON PLEAS COURT
Appellee's final argument in support of dismissing appellant's complaint relies upon the assertion that the original notice of appeal to the trial court was not filed within the time restraints set forth in R.C. 4123.512. In that the notice of appeal indicates that appellant is appealing from a November 29, 1994 order and the appeal was not filed in the common pleas court until March 6, 1995, appellee contends that the appeal was filed well outside the sixty day limit set forth in the statute. Absent a timely appeal, it is argued that the trial court did not have jurisdiction to consider the matter.
Appellee's argument in this instance is flawed as it relies upon the incorrect dates in calculating appeal time. As explained in State ex rel. Ernest Auto Body Shop v. Fuerst (1987), 30 Ohio St.3d 138
and Fisher v. Mayfield (1987), 30 Ohio St.3d 8, in the event the Industrial Commission refuses to hear a claimant's appeal, the proper order to appeal from is the staff hearing officer's decision. However, the date used to calculate the appeal time is not the date of the staff hearing officer's decision but rather the date of the Industrial Commission's decision refusing to hear the appeal. This is clearly reflected by the language utilized in R.C. 4123.512 entitled "Appeal to court of common pleas; venue; notice of appeal; petition; costs." This section of the statute states in relevant part:
 "(A) * * * The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision * * *." (Emphasis added)
The record reflects that on December 27, 1994, the Industrial Commission refused to hear an appeal from the prior staff hearing officer's decision. Furthermore, this order was mailed out to the parties on January 3, 1995. Appellant established through documentation at the trial court level that this order was in fact received on January 5, 1995. Therefore, appellant's appeal to the common pleas court which was filed on Monday March 6, 1995 was filed on day number sixty of the appeal period. This filing clearly complied with the case law as well as the statutory authority which dictates that an appeal be filed within sixty days of the receipt of the industrial commission order refusing to hear an appeal. As such, appellant's third proposed basis for dismissing appellant's appeal is similarly without merit.
Based upon the foregoing, the trial court had jurisdiction to hear appellant's appeal as related to the requested additional conditions. The issue presented to the court was timely brought before it and pertained to appellant's right to participate. Furthermore, appellant's initial administrative request for the allowance of the conditions has been determined to have been timely made. Thus, the trial court erred in dismissing appellant's complaint in the case sub judice.
For the foregoing reasons, the decision of the trial court is reversed and this cause is remanded to the trial court for further proceedings consistent with this court's opinion and according to law.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 ___________________________________ JOSEPH VUKOVICH, JUDGE
[1] It should further be noted that Clementi, supra is no longer good law as it was recently overruled by the Ohio Supreme Court inSpecht v. BP Am., Inc. (1999), 86 Ohio St.3d 29. In Specht the court concluded that the two year notice requirement would no longer be applicable even to "residual" or "flow through" type injuries. Id. at 30. By so holding, it was determined that the two year requirement as set forth in R.C. 4123.84 pertained only to originally notifying the employer or Bureau of Workers' Compensation of the body parts initially alleged to have been injured. Pursuant to the Industrial Commission's continuing jurisdiction as set forth in R.C. 4123.52, it could consider any requests for additional, residual or flow through injuries during the life of an appellant's claim.