BISHOP, EXTRX., PLAINTIFF-APPELLANT, *v.* GUTHRIE, EXTRX., DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25674. Decided September 13, 1962.

· *Mr. Donald M. Marshman* and *Mr. Arthur E. Griffith*, for plaintiff-appellant.

*Messrs. Johnson, Weston, Blackmore, Cory & Hurd*, for defendant-appellee.

(BROWN, J., of the Seventh Appellate District, FESS, J., of the Sixth Appellate District, and YOUNGER, J., of the Third Appellate District, sitting by designation in the Eighth Appellate District.)

BROWN, J. Plaintiff-appellant's action for damage claimed to have resulted from the wrongfully caused death of Aaron E. Bishop was tried by a jury which returned a general verdict for the defendant.

The defendant's automobile struck the plaintiff's decedent and fractured his leg in July, 1950. On April 11, 1952, as decedent descended from a bus he either fell or collapsed. He was assisted in arising by the bus driver, he walked a short distance then, still in obvious distress, was assisted to his nearby residence, where he died very shortly thereafter.

A physician who arrived at about the time of death or immediately thereafter certified that cause of death was due to myocardial infarction due to arteriosclerotic heart disease.

Plaintiff's evidence was used as the basis of a hypothetical question to a well qualified medical expert who testified (Record p. 516) that death was caused by an embolus arising at the site of the injury occasioned by the accident in July of 1950, and that this embolus was caused to dislodge by the fall from

or at the bus in April, 1952; and further that the fall in April, 1952, was caused by the deformity and limitation of motion of the left knee, also resulting from the accident of July 27, 1950. It is a reasonable hypothesis based upon fragmentary evidence. Had the jury chosen to believe it, the court would have been faced with an interesting question as to whether the doctor's field of expertness extended to determination of cause of falls as well as to medically determinable cause of death. However, the jury by its general verdict for the defendant decided the issue of whether or not the defendant's negligence caused the death of plaintiff's decedent adversely to the plaintiff.

The defendant's evidence tended to show the likelihood that another reasonable hypothesis of the cause of death of the plaintiff's decedent was that shown by the death certificate. There was no autopsy, but based upon the same and similar fragments of evidence the defendant's doctor-medical-expert gave his opinion suggesting the defendant's hypothesis. The general verdict for the defendant does not establish this as the verified hypothesis.

After reading the evidence, one is persuaded that the six hundred page record includes only enough evidence on the most material issue to permit the jury to speculate or guess at the cause of death. Certainly the verdict was not against the weight of the evidence.

The trial court at the defendant's request before argument gave the following special instruction based upon the case of *Gedra* v. *Dallmer Co.*, 153 Ohio St., 258:

"I instruct you, as a matter of law, that in order for the plaintiff to recover damages in this case she must prove by a preponderance of the evidence not only that Anthony Guthrie was negligent but also that his negligence was a direct or proximate cause of Aaron Bishop's death.

"I instruct you that it is not enough for the plaintiff to prove merely that Anthony Guthrie's negligence might have caused Mr. Bishop's death. If his death might well have resulted from any one of several causes, the plaintiff must produce evidence which will exclude the effectiveness of those causes for which the defendant is not legally responsible.

"If you conclude, on the basis of the evidence, that the

cause of Mr. Bishop's death is as reasonably attributable to a disease or condition for which Anthony Guthrie was not responsible as to an act for which he was responsible, the plaintiff will not have sustained her burden of proof and your verdict must be for the defendant.

"Accordingly, if you should find that hypertensive heart disease, or arteriosclerosis, or myocardial infarction resulting from arteriosclerotic heart disease, was just as likely the proximate cause of Mr. Bishop's death as the cause alleged by the plaintiff, the plaintiff will not have sustained her burden of proof, and you must render your verdict in favor of the defendant, Theodora Guthrie, Executrix of the Estate of Anthony Guthrie, Deceased."

This is another and prolix way of saying that the plaintiff has the burden of proving that the defendant's negligence was the direct and proximate cause of death. The charge was proper under this evidence.

Many of the appellant's assignments of error concern defendant counsel's hypothetical question to Dr. Feil. Since this question was asked and answered without objection the error, if any, will be considered to have been waived by the appellant. 52 Ohio Jurisprudence (2d), 569.

Plaintiff also assigns as error the introduction of the official death certificate and bases this assignment upon the ruling of the trial court to defendant's objection at Record page 555 in the following form:

"I move to strike that out that the defendant has introduced no evidence of either the presence of the doctor who signed that death certificate before the death of Mr. Bishop and that he did not see him at the time of the death and that he did not treat him and that the statement of disease on there has not been proven in this case. I think that should be eliminated, if your Honor please, because it is the cause of death and that is the only important question in this case."

This objection was properly overruled. Section 3705.05, Revised Code, makes a certified copy of the official death certificate prima facie evidence of the facts therein stated. This includes medical cause of death as stated therein. *Rath* v. *Industrial Commission*, 99 Ohio App., 261.

We find no error prejudicial to the appellant.  The judgment is affirmed.

Exceptions.  Order see journal.

Fess and Younger, JJ., concur.