**HOOPS, Appellee,**

v.

**MAYFIELD, Admr., et al., Appellees;  General Signal Industries, Inc., Appellant.**

[Cite as *Hoops v. Mayfield* (1990), 69 Ohio App.3d 604.]

Court of Appeals of Ohio,
Henry County.

No. 7–89–1.

Decided Sept. 28, 1990.

*James C. Ayers* and *Jeffrey M. Decile,* for appellee Emma J. Hoops.

*Jack L. Johnson, John M.D. Shady* and *Roger W. Heltzel,* for appellant General Signal Industries.

*Roger R. Weiher,* Assistant Attorney General, for appellee Industrial Commission.

---

SHAW, Presiding Judge.

Defendant-appellant, General Signal Industries, Inc. ("General Signal"), appeals a jury verdict reached in the Henry County Court of Common Pleas in favor of plaintiff-appellee, Emma Hoops, which would entitle her to participate in the Ohio Workers' Compensation Fund.

Plaintiff filed a claim for an occupational disease with the Bureau of Workers' Compensation. The claim was disallowed by the district hearing officer, the Toledo Regional Board of Review and the Industrial Commission of Ohio, whereupon plaintiff filed an appeal to the Henry County Court of Common Pleas. In a hearing *de novo* pursuant to R.C. 4123.519, the court, upon motion, directed a verdict against plaintiff. Plaintiff appealed the directed verdict to this court in February 1987. In *Hoops v. Mayfield* (1988), 44 Ohio App.3d 50, 541 N.E.2d 113, this court found that the court of common pleas erred in directing a verdict for defendants and remanded the case for a new trial. In November 1988, the matter was tried before a jury. The jury returned a verdict in favor of allowing the plaintiff to participate in the Workers' Compensation Fund. General Signal, plaintiff's employer, now appeals from this decision.

In three assignments of error, defendant alleges that the trial court erred when it:

"(1) overruled defendant's objections to the opinion and answer asked of * * * plaintiff's medical expert, Dr. Blough * * *,"

"(2) overruled defendant's motions for a directed verdict made at the close of the plaintiff's case, at the close of all the evidence and when it denied defendant's motion for judgment notwithstanding the verdict," and

"(3) improperly instructed the jury as to the law of [the] case."

■ With regard to the first assignment of error, the record reveals that defendant did not object to the hypothetical question or opinion testimony of Dr. Blough at the time in which such testimony was being offered at trial. Consequently, defendant's failure to object to the hypothetical question and the opinion testimony waives any alleged error on appeal. See *Bishop v. Guthrie* (1962), 90 Ohio Law Abs. 133, 25 O.O.2d 375, 184 N.E.2d 910. Accordingly, the first assignment of error is not well taken and is overruled.

■ With regard to the second assignment of error, defendant made two motions for a directed verdict. The first motion was made at the close of the plaintiff's case. The second motion for a directed verdict was made at the close of all the evidence. These motions and the motion for judgment notwithstanding the verdict will be reviewed together since the evidence and the standard of review for each are essentially the same, that is, if, upon all the evidence, there is substantial evidence to support the nonmovant's position upon which reasonable minds may reach different conclusions, the motion must be denied. See Civ.R. 50(A)(4) and *Nickell v. Gonzales* (1985), 17 Ohio St.3d 136, 17 OBR 281, 477 N.E.2d 1145.

The plaintiff presented her testimony and that of three physicians concerning her work, medical history and present condition. The defendant presented several witnesses, including a physician who contradicted the testimony of plaintiff's physician. The defendant also presented testimony concerning plaintiff's work records and the possibility of exposure to the chemicals alleged to have caused her injury. An expert who tested the work area and the levels of exposure to the chemicals also testified on behalf of the defendant. Finally, a fellow worker of the plaintiff testified for the defendant as to the use of the chemicals in defendant's factory.

Upon consideration of all the evidence, it is our opinion that, at any given stage of the trial, there was evidence upon which reasonable minds could come to different conclusions. Accordingly, we believe that the trial court correctly overruled defendant's motions for a directed verdict and the motion for judgment notwithstanding the verdict. Defendant's second assignment of error is without merit and is overruled.

■ In the final assignment of error, defendant contends that the trial court should have instructed the jury that aggravations of pre-existing conditions are not allowable under Ohio workers' compensation law. However, defendant's contention is clearly not the law. See *Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1, 3, 548 N.E.2d 920, 921, citing *Ackerman v. Indus. Comm.* (1936), 131 Ohio St. 371, 6 O.O. 85, 3 N.E.2d 44, holding that an injury, for workers' compensation purposes, includes an aggravation of a pre-existing condition.

Defendant also argues that a portion of the jury instructions as to "the law of the case" was incorrect. Specifically, defendant alleges that the trial court erred in instructing the jury as to the three criteria which must be met in order to compensate for an occupational disease. See *State, ex rel. Ohio Bell Tel. Co., v. Krise* (1975), 42 Ohio St.2d 247, 71 O.O.2d 226, 327 N.E.2d 756. Upon review of the instructions, we find that they correctly state the law in this matter.

In addition, the record does not show that defendant specifically objected to the portion of the jury instructions which it now claims to be erroneous. Civ.R. 51(A) requires that "[a] party may not assign as error the giving or the failure to give any instructions unless he objects thereto * * *, stating specifically the matter to which he objects and the grounds of his objection."

Consequently, the claimed error was waived and cannot be asserted on appeal. The defendant's third assignment of error is overruled and the judgment of the trial court is sustained.

*Judgment affirmed.*

THOMAS F. BRYANT and MILLER, JJ., concur.