IIAMS, Appellant,

v.

CORPORATE SUPPORT, INC. et al., Appellees.

[Cite as *Iiams v. Corporate Support, Inc.* (1994), 98 Ohio App.3d 477.]

Court of Appeals of Ohio,
Allen County.

No. 1-94-41.

Decided Nov. 10, 1994.

*Jeffrey L. Reed,* for appellant.

*Frank B. Cory,* for appellee Corporate Support, Inc.

*Lee Fisher,* Attorney General, and *Charles Zamora,* Assistant Attorney General, for appellee Administrator.

EVANS, Judge.

This is an appeal by the plaintiff, Sandra D. Iiams, from a judgment of the Court of Common Pleas of Allen County denying her complaint for participation in the Workers' Compensation Fund for an injury sustained during a hospital stay for a compensable workplace injury.

Sandra Iiams ("appellant") was injured while in the course of her employment on March 28, 1991. Due to that incident, she suffered contusions to her sacrum and right elbow, and a herniated disc in her lower back. Appellant was granted compensation from the Workers' Compensation Fund for those injuries.

On August 14, 1991, while appellant was in the hospital recuperating from surgery to correct the herniation, the side of her bed collapsed, causing her to suffer a "cervical strain." Although she complained of neck pain following this incident in the hospital, there is no evidence in the record that she received any specific treatment for her neck pain, aside from the treatment being given to her as a result of the back surgery.

Appellant filed a request with the Industrial Commission for an additional award as compensation for the neck strain. Her request was granted by the Bureau of Workers' Compensation. The hearing board found that the cervical strain was a "flow through" injury resulting from her previously allowed injuries. Appellant's employer, Corporate Support, Inc. ("appellee"), appealed the board's decision to the Industrial Commission, which affirmed the board's allowance of the "flow through" injury claim. Appellee then filed its notice of appeal in the Court of Common Pleas of Allen County, pursuant to R.C. 4123.512. Appellant responded by filing the requisite complaint, asserting her right to participate in the State Insurance Fund, for contusions to her elbow and sacrum, herniated

lumbar disc, and cervical strain. Appellee filed its answer, admitting that appellant was entitled to compensation for the injuries resulting from her fall at work, but denying that she was entitled to compensation for the cervical strain which resulted from the collapse of her hospital bed.

The trial court granted summary judgment to appellant as to her claims for compensation for the injuries to her lower back and elbow. Thus, the only issue remaining for trial was whether appellant could participate in the Workers' Compensation Fund for injury suffered "on a flow through basis" following her surgery for compensable injuries. Following the submission of written trial briefs, the court determined, based upon the parties' stipulated facts, that appellant was "not entitled to participate in the Workers' Compensation Fund for the injuries sustained on August 14, 1991." Appellant has challenged the court's decision, asserting the following assignment of error:

"The judgment of the trial court, that appellant's August 14, 1991 injury was not causally related to her original workers' compensation injury on a 'flow-through' or 'residual' basis, is against the manifest weight of the evidence, and is contrary to the workers' compensation law."

As stated by the trial court, R.C. 4123.84(C) permits the Industrial Commission to assert continuing jurisdiction, subject to a two-year limitation, over an injury that is "due to and a result of or a residual of" the injury previously determined to be compensable. Therefore, the Industrial Commission properly considered the status of appellant's claim for cervical strain. However, pursuant to the statute, when a claim reaches the appellate level in the common pleas court, the court must consider the claim *de novo,* disregarding the decision and rationale of the review board. R.C. 4123.512(D); *Oswald v. Connor* (1985), 16 Ohio St.3d 38, 42, 16 OBR 520, 523–524, 476 N.E.2d 658, 662; *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76, 619 N.E.2d 1165.

The trial court determined that Appellant was not entitled to compensation from the Workers' Compensation Fund for her neck injury, as the injury was not, as argued by appellant, a "flow-through" injury resulting from her compensable workplace injuries. The court based its decision on a proximate cause analysis, pursuant to *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E.2d 1, wherein the court stated,

"In order to establish a right to workmen's compensation for harm or disability claimed to have resulted from an accidental injury, it is necessary for the claimant to show * * * not only that his injury arose out of and in the course of his employment but that a direct or proximate causal relationship existed between his injury and his harm or disability." *Id.* at paragraph one of the syllabus.

In other words, only if appellant could show that her "new" injury occurred because of the allowed injury which did arise out of an employment situation could the new injury be considered to have occurred on a "flow through" basis. However, appellant made no such claims.

█ The court found that appellant's previous injury was not the proximate cause of the cervical strain injury, since the neck injury did not arise "in a natural and continuous sequence, unbroken by any new independent cause * * * without which [the injury] would not have occurred." Therefore, reasoned the trial court, appellant's neck injury arose due to the collapse of the hospital bed, which collapse "was an intervening act significantly sufficient to break the chain of causation." As stated by the Supreme Court in *Fox:*

"Where a [worker] has sustained an accidental injury arising out of the employment, he may or may not be allowed compensation for subsequent harm or injurious effects, depending upon whether they are the direct or proximate consequences of the accidental injury, or whether the chain of causation has been broken by intervening or superseding causes." *Id.* at 575, 55 O.O. at 474–475, 125 N.E.2d at 5.

Further, the trial court cited the Ohio Supreme Court in support of its determination that appellant's employer could not be held legally liable for an injury for which there existed no causal relationship with an injury which arose out of appellant's employment:

"Whether an intervening act breaks the causal connection between negligence and injury, thus relieving one of liability for his negligence, depends upon whether that intervening cause was a conscious and responsible agency which could or should have eliminated the hazard, and whether the intervening cause was reasonably foreseeable by the one who was guilty of the negligence." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St.3d 155, 6 OBR 209, 451 N.E.2d 815, paragraph one of the syllabus.

Thus, the trial court determined that someone other than appellant's employer was responsible for the injury resulting from the collapsing hospital bed. "To hold otherwise," stated the court, "would make the defendant responsible for the unforeseeable acts of a third party."

█ We agree with the well-reasoned analysis of the trial court in this case. Appellant's assignment of error asserting that the decision is against the manifest weight of the evidence is not well taken. Given the parties' stipulation of facts, the only decision to be made by the trial court was one of law, not of fact. Thus, the court did not abuse its discretion in finding for the defendant employer on the issue of proximate cause. See *Oswald,* 16 Ohio St.3d at 42, 16 OBR at 523–524, 476 N.E.2d at 662 (if evidence before trial court is sufficient to support the result

reached, appellate court will not substitute its judgment). The assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.