[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 230.]

CASTLE NURSING HOMES, INC., APPELLEE, *v*. SULLIVAN, APPELLANT, ET AL.

[Cite as *Castle Nursing Homes, Inc. v. Sullivan*, 1997-Ohio-394.]

*Appeal dismissed as improvidently allowed on Propositions of Law Nos. I through IV—Civil procedure—Plain-error doctrine is not favored, but may be applied, when.*

(No. 96-2656—Submitted June 11, 1997—Decided July 23, 1997.)

APPEAL from the Court of Appeals for Holmes County, No. 95-CA-541.

————————————

*Hahn, Loeser & Parks, L.L.P., Robert D. Kehoe* and *Paul Mancino III; Schuler Law Firm, Critchfield, Critchfield & Johnston* and *Daniel L. Mathie*, for appellee.

*Katherine C. Hart Smith*, for appellant.

————————————

{¶ 1} The appeal is dismissed, *sua sponte*, as having been improvidently allowed on Propositions of Law Nos. I through IV.

{¶ 2} The judgment of the court of appeals is reversed on Proposition of Law No. V and remanded for reconsideration in light of our decision in *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., concur in part and dissent in part.

————————————

**COOK, J., concurring in part and dissenting in part.**

{¶ 3} Because the appellate court did not invoke the plain-error doctrine to reverse the jury's duplicative damage awards on the alternative theories of breach of contract and promissory estoppel, but instead found that Castle Nursing Homes, Inc. did not invite error in the first instance, *Goldfuss v. Davidson* (1997), 79 Ohio

St.3d 116, 679 N.E.2d 1099, is inapposite to this case. Accordingly, I would dismiss the case as improvidently allowed on all propositions of law.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____