[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 420.]

MUTTERS, APPELLANT, *v*. WHITE CASTLE SYSTEM, INC., APPELLEE, ET AL.

[Cite as *Mutters v. White Castle Sys., Inc.*, 1997-Ohio-140.]

*Workers' compensation—Application and requirements of R.C. 4123.84 with regard to "flow-through" or residual medical conditions.*

(No. 97-774—Submitted June 25, 1997—Decided September 24, 1997.)

APPEAL from the Court of Appeals for Hamilton County, No. C-960524.

_____

*Becker, Reed, Tilton & Hastings* and *Dennis A. Becker*, for appellant.

*Porter, Wright, Morris & Arthur* and *Duane A. Boggs*, for appellee.

_____

{¶ 1} The discretionary appeal is allowed.

{¶ 2} The judgment of the court of appeals is reversed, and the cause is remanded to that court to apply *Lewis v. Trimble* (1997), 79 Ohio St.3d 231, 680 N.E.2d 1207.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

_____

**LUNDBERG STRATTON, J., concurring.**

{¶ 3} I do not interpret this "remand" as an order to *grant* the claimant her award. Rather, I interpret it as an order to the court to *apply* the new standards in *Lewis v. Trimble* (1997), 79 Ohio St.3d 231, 680 N.E.2d 1207, to this fact pattern to determine whether claimant knew or should have known of her condition. However, I would also caution the trial court to factor in her doctor's apparent refusal to refer her for psychiatric care after she specifically requested it and the effect that refusal had upon her delay in diagnosis. It is possible that the doctor's

refusal to refer claimant negated any threshold of the "knew or should have known" scienter on her part, given the trust one puts in one's own physician.

_____