[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 29.]

SPECHT, APPELLANT, *v.* BP AMERICA, INC. ET AL., APPELLEES.

[Cite as *Specht v. BP Am., Inc.*, 1999-Ohio-79.]

*Workers' compensation—Two-year notice requirement in R.C. 4123.84(A) does not apply to claims for residual conditions—Residual-condition claims must be considered within the Industrial Commission's continuing jurisdiction under R.C. 4123.52.*

The two-year notice requirement in R.C. 4123.84(A) does not apply to claims for residual conditions, and these claims must be considered within the Industrial Commission's continuing jurisdiction under R.C. 4123.52. (*Clementi v. Wean United, Inc.* [1988], 39 Ohio St.3d 342, 530 N.E.2d 909, overruled.)

(No. 98-1—Submitted January 12, 1999—Decided June 30, 1999.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 71899.

———————————

{¶ 1} Marie Ann Specht, appellant, injured her back in 1985 while working for a predecessor of appellee BP America, Inc. ("BP"). Her workers' compensation claim was initially recognized for "low back," and afterward, for an additional condition in her back. In 1989, Specht moved for recognition of a residual psychological condition; however, appellee Industrial Commission of Ohio denied her motion because it was not filed within the two-year notice requirement in R.C. 4123.84.

{¶ 2} Specht appealed pursuant to R.C. 4123.512, seeking a judgment that she was entitled to participate in the workers' compensation system for her residual condition. The Cuyahoga County Court of Common Pleas refused this relief and granted summary judgment for BP on the ground that Specht had not provided

timely notice of her residual claim. The Court of Appeals for Cuyahoga County affirmed.

{¶ 3} The cause is before this court upon the allowance of a discretionary appeal.

_____

*Stewart R. Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy; Shapiro, Kendis & Associates Co., L.P.A.,* and *Alan J. Shapiro*, for appellant.

*Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., Edward D. Murray, Michael A. Thompso*n and *Susan Carson Rodgers*, for appellee BP America, Inc.

_____

**PFEIFER, J.**

{¶ 4} A "residual" workers' compensation claim occurs when a claimant's work-induced injury generates a medical condition in a body part other than the claimant originally specified. *Dent v. AT&T Technologies, Inc*. (1988), 38 Ohio St.3d 187, 189, 527 N.E.2d 821, 824. Formerly, the commission determined a residual-condition claimant's right to participate pursuant to the commission's continuing jurisdiction under R.C. 4123.52 and without regard to the two-year notice requirement in R.C. 4123.84 for initiating claims generally. *Kittle v. Keller* (1967), 9 Ohio St.2d 177, 38 O.O.2d 414, 224 N.E.2d 751, syllabus. But in *Clementi v. Wean United, Inc.* (1988), 39 Ohio St.3d 342, 530 N.E.2d 909, this court applied amended versions of these statutes to also require notice of a residual condition within two years of the claimant's actual or constructive knowledge.

{¶ 5} Specifically, *Clementi* declared that a residual-condition claim is untimely under R.C. 4123.84 unless written notice of the specific part or parts of the body claimed to have been injured is given within two years of the time the claimant knew or should have known of the residual condition. *Id.* at syllabus. In *Lewis v. Trimble* (1997), 79 Ohio St.3d 231, 680 N.E.2d 1207, this court modified *Clementi* to hold that such claims are untimely if filed more than two years after

the claimant knew or should have known of the "nature and seriousness" of the residual condition and its causal relation to the work injury. *Id.* at paragraph one of the syllabus. Specht urges us to reconsider *Clementi* and to again recognize the commission's continuing jurisdiction under R.C. 4123.52 to determine the claimant's right to participate for a residual condition notwithstanding the two-year notice requirement. We hold that the two-year notice requirement in R.C. 4123.84 does not apply to claims for residual conditions and that the commission has continuing jurisdiction under R.C. 4123.52 to consider these claims. Accordingly, we overrule *Clementi* and reverse the judgment of the court of appeals.

{¶ 6} R.C. 4123.84(A) bars all claims for compensation or benefits for a work-induced injury or death unless either (1) the commission or bureau receives written notice of the "specific part or parts of the body injured" within two years of an employee's injury or death, or (2) the employer receives such other notice as is specified in the statute within two years of an employee's injury or death.[1] R.C. 4123.52 establishes the commission's continuing jurisdiction to modify its findings

---

1. When Specht was injured, R.C. 4123.84(A) provided, much as it does today:
   "(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:
   "(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation;
   "(2) The employer, with knowledge of a claimed compensable injury or occupational disease, has paid wages in lieu of compensation for total disability;
   "(3) In the event the employer has elected to pay compensation or benefits directly, one of the following has occurred:
   "(a) Written notice of the specific part or parts of the body claimed to have been injured has been given to the commission or bureau, or the employer has furnished treatment by a licensed physician in the employ of an employer; providing, however, that the furnishing of such treatment shall not constitute a recognition of a claim as compensable, but shall do no more than satisfy the requirements of this section;
   "(b) Compensation or benefits have been paid or furnished equal to or greater than is provided for in sections 4123.52, 4123.55 to 4123.62, and 4123.64 to 4123.67 of the Revised Code.
   "[4] Written notice of death has been given to the commission or bureau." 137 Ohio Laws, Part II, 3960.
2. The claimant-appellant in *Lewis* did not challenge *Clementi* for applying the R.C. 4123.84 notice requirement to residual conditions. *Lewis,* 79 Ohio St.3d at 235, 680 N.E.2d at 1211.

and awards provided that, among other conditions, "written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 * * * of the Revised Code."

{¶ 7} Before the quoted phrases were added to these statutes, the commission's continuing jurisdiction to allow or reject residual condition claims was settled — the commission acted to consider new evidence of further disability unencumbered by the two-year notice requirement in R.C. 4123.84. *Kittle,* 9 Ohio St.2d at 180-181, 38 O.O.2d at 416-417, 224 N.E.2d at 754-755. In *Kittle*, six justices refused to set this artificial barrier before claimants seeking their rightful compensation, even if it released some spurious claims into the workers' compensation system. The court held:

"Faced as we are here with a choice between closing the door on some possibly fraudulently based claims and thus denying to an injured work[er] the compensation to which [the worker] is justly entitled, or granting such compensation and risking the possibility that some fraudulent claims will be successful under the rule, the majority of this court is of the opinion that the Legislature intended that once it has been established by a claimant that he [or she] was injured in the course of and arising out of [the claimant's] employment and his [or her] claim has been allowed and compensation or benefits paid, the Industrial Commission has continuing jurisdiction, pursuant to Section 4123.52, Revised Code, to modify or change its findings or orders, and pursuant to a proper application by the claimant, supported by proper evidence, the commission has jurisdiction to grant compensation for a subsequently developing disability resulting from an injury which was suffered at the time of the original accident, and the payment of such compensation or benefits is not barred by the two-year provision of Section 4123.84, Revised Code, even though such disability was not diagnosed and such injury was not discovered until after the two-year statutory period had run." *Id*. at 185, 38 O.O.2d at 419-420, 224 N.E.2d at 757.

**{¶ 8}** In 1967, soon after *Kittle* was decided, the General Assembly added the requirement that claimants specify the bodily part or parts injured. See R.C. 4123.52 and 4123.84(A)(1) (132 Ohio Laws, Part I, 1405, 1432-1433). At the same time, it added to R.C. 4123.84 the following paragraph directly addressing residual claims:

"The commission shall have continuing jurisdiction as set forth in section 4123.52 over a claim which meets the requirement of this section, including jurisdiction to award compensation or benefits for loss or impairment of bodily functions developing in a part or parts of the body not specified pursuant to paragraph 1 of division (A) of this section, if the commission finds that the loss or impairment of bodily functions was due to and a result of or a residual of the injury to one of the parts of the body set forth in the written notice filed pursuant to paragraph 1 of division (A) of this section." 132 Ohio Laws, Part I, 1433.

**{¶ 9}** We no longer agree, as we reservedly did in *Clementi,* 39 Ohio St.3d at 346, 530 N.E.2d at 913, that "[t]he 1967 amendments to R.C. 4123.84 and 4123.52 apparently were made to expand the notice requirements and therefore the statute of limitations requirements to residual * * * conditions." In fact, this paragraph is quite clear and unambiguous, just as Visiting Judge Baird observed in his dissent to the *Clementi* majority opinion. *Id*. at 349, 530 N.E.2d at 915. The paragraph specifically provides for the commission's continuing jurisdiction over conditions developing from a bodily injury as long as the commission, bureau, or employer has been properly advised of the initially injured body part, and the commission attributes the condition to the initially injured body part. Correspondingly, R.C. 4123.52 has remained unaltered in stating that its various deadlines "do[ ] not affect the right of a claimant to compensation accruing subsequent to the filing of [an otherwise timely] application * * *." Claims for residual conditions, therefore, are obviously excepted from the two-year notice

requirement formerly applicable only to *new* claims. *Id*. at 347-348, 530 N.E.2d at 914 (Douglas, J., dissenting).

{¶ **10**} Despite the clarity of R.C. 4123.84, as amended, BP insists that *Clementi* must represent the General Assembly's will; otherwise the General Assembly would have enacted legislation to supersede the *Clementi* syllabus. In *Lewis*, we acknowledged that *Clementi* has caused substantial confusion, and we struggled to reconcile it with the express terms of R.C. 4123.84 and 4123.52 and precedent from this court.[2] *Lewis,* 79 Ohio St.3d at 235-241, 680 N.E.2d at 1211-1215. Yet these problems went unchecked by the General Assembly for years before we were able to revisit *Clementi* and independently remedy them, albeit only to the extent that they were raised by the parties. Thus, in this case, we cannot say that the General Assembly's inaction represents its approval of the *Clementi* syllabus. In any event, "[l]egislative inaction is a weak reed upon which to lean in determining legislative intent." *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 231, 551 N.E.2d 981, 984.

{¶ **11**} Moreover, we are now convinced that the General Assembly did not intend to cut off residual claims in 1967 when it required claimants to report the "specific part or parts of the body injured." Rather, after the *Kittle* court's articulated concern over fraudulent claims, we suspect that the General Assembly interjected more stringent notice requirements to combat this possibility. The court was concerned because, prior to 1967, R.C. 4123.84 required only a written application within two years of the claimant's injury or death. The statute did not require that the application specify the body part injured. See *Kittle,* 9 Ohio St.2d at 178-179, 38 O.O.2d at 415, 224 N.E.2d at 753. The *Kittle* court conceded that allowing residual claims beyond the two-year limitations period might permit unscrupulous claimants to take advantage of the commission's continuing jurisdiction by filing spurious claims years after the injury, using the lapse of time to impede any defense. *Id*. at 184, 38 O.O.2d at 419, 224 N.E.2d at 756. But the

court concluded that the risk was necessary to protect *bona fide* residual claims. *Id.* at 185, 38 O.O.2d at 419-420, 224 N.E.2d at 757.

{¶ 12} The specific-notice requirements in R.C. 4123.84 and 4123.52 were enacted to cure this potential problem. When this deterrent is considered in conjunction with the General Assembly's preservation of the commission's continuing jurisdiction over residual conditions in R.C. 4123.84, it compels the conclusion that the General Assembly never intended to bar legitimate claims for residual conditions. To the contrary, the 1967 amendments were meant to codify the *Kittle* syllabus and at the same time minimize the incidence of fraudulent claims. Accord *Clementi,* 39 Ohio St.3d at 349, 530 N.E.2d at 915 (Baird, J., dissenting).

{¶ 13} For these reasons, the two-year notice requirement in R.C. 4123.84(A) does not apply to claims for residual conditions, and these claims must be considered within the commission's continuing jurisdiction under R.C. 4123.52. Accordingly, we overrule *Clementi* and find that BP is not entitled to summary judgment on the ground that Specht failed to provide notice of her claim as required by R.C. 4123.84. We reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*

*and cause remanded.*

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

———————————

**COOK, J., dissenting.**

{¶ 14} The majority decides an issue that the claimant did not raise in the court of appeals. Failure to raise the issue in the court below waives the opportunity to raise it here. *State v. Lorraine* (1993), 66 Ohio St.3d 414, 416, 613 N.E.2d 212, 216.

**{¶ 15}** The court of appeals' judgment that is appealed here is not a decision as to the application of R.C. 4123.84. Rather, the appellate court determined that the claimant had not complied with the requirements of that section. The claimant argued to the court of appeals that her evidence was timely submitted pursuant to the statute, not that the statute did not apply to her. In this court, claimant now seeks for the first time a decision that R.C. 4123.84 is not applicable to flow-through psychiatric injuries.

**{¶ 16}** Accordingly, the court of appeals' decision *on the issue raised before that court* is correct. This court should not, therefore, reverse the court of appeals. This cause ought not to have been heard here. The decision to allow this discretionary appeal was not unanimous.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.

_____