This case has sua sponte been removed from the accelerated calendar.
DECISION
In July 1986, while working at a White Castle restaurant, plaintiff-appellee Evelyn Mutters sustained a back injury and was granted the right to participate in the Workers' Compensation Fund. In 1993, Mutters filed a motion to amend her claim to include "dysthymic disorder," which she alleged had resulted from her 1986 back injury. The Industrial Commission allowed additional participation for her "dysthymic disorder." Defendant-appellant, White Castle System, Inc. (White Castle), appealed to the court of common pleas, alleging that Mutters's amended claim was time-barred.
In June 1996, after a bench trial, the trial court ruled that Mutters should not have been allowed to participate in the Workers' Compensation Fund for her disorder, because, pursuant to the holding in Clementi v. Wean United, Inc.,[1] her amended claim was time-barred. In making its determination, the trial court reasoned that Mutters knew or should have known of the disorder more than two years prior to filing the motion for an additional allowance.
Mutters appealed the trial court's decision, and in March 1997 this court, relying on Clementi, affirmed the judgment of the trial court. Mutters then appealed to the Ohio Supreme Court, which reversed our judgment and remanded the case for consideration of recent case law that interpreted R.C. 4123.84 and its application to "flow-through" or residual medical conditions.[2] On remand in May 1998, we reversed the trial court's 1996 decision denying Mutters's amended claim and remanded the case so that court could reconsider its findings of fact in light of Lewis v. Trimble.[3]
On remand in January 1999, the trial court appliedLewis and determined that "Mutters did not `know or should have known' that she had the `flow-through' injury within the two (2) year period from date of injury." As a result, the trial court ruled that Mutters should be allowed to participate in the Workers' Compensation Fund for the condition of "dysthymic disorder."
White Castle now appeals the trial court's 1999 decision, presenting three assignments of error. In the first assignment of error, White Castle contends that the trial court erred when it abandoned its 1996 findings and determined that Mutters's claim was not time-barred. In the second assignment of error, White Castle maintains that the trial court erred in failing to allow for supplementation of the record or to hold a new trial when applying Lewis on remand. In the third assignment of error, White Castle alleges that the trial court erred by departing from its 1996 findings of fact without allowing the parties to file supplemental briefs.
Since Mutters's most recent appeal, the Ohio Supreme Court has once again addressed the issue of the notice requirements under R.C. 4123.84 for residual or "flow-through" medical conditions. In Specht v. B.P. Amer., Inc.,[4] the court held that the "two-year notice requirement in R.C. 4123.84 does not apply to claims for residual conditions and that these claims must be considered within the Industrial Commission's continuing jurisdiction under R.C. 4123.52."[5] In overruling Clementi,Specht makes it clear that there is no longer a notice requirement to bring a residual claim. Rather, the two-year notice requirement only applies to the filing of an original claim for the injuries initially sustained as a result of an industrial accident.[6]
Here we are presented with an appeal from the allowance of additional participation for a "flow through" or residual condition. Because it is no longer necessary for a claimant to bring a residual claim within two years of actual or constructive notice of the condition, we hold that, as a matter of law, Mutters's claim was not time-barred. It is well established that we are permitted to affirm a correct judgment, even though it was entered for the wrong reason, as only prejudicial error is reversible.[7] Accordingly, we affirm the judgment of the trial court pursuant to Specht v. B.P. Amer., Inc., and overrule White Castle's three assignments of error.
Judgment affirmed
 Doan, PJ, Sundermann and Winkler, J.J.
Please Note: The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] (1988), 39 Ohio St.3d 342, 530 N.E.2d 909 (holding that a claimant must file a claim for an additional allowance within two years of the time the claimant knew of or should have known of the condition), overruled by Specht v. B.P. Amer, Inc. (1999), 86 Ohio St.3d 29,711 N.E.2d 225.
[2] See Mutters v. White Castle System, Inc. (1997), 79 Ohio St.3d 420,683 N.E.2d 1095.
[3] (1997), 79 Ohio St.3d 231, 680 N.E.2d 1207 (modifying and clarifying Clementi by addressing the application requirements of "flow-through" or residual medical conditions under R.C. 4123.84).
[4] (1999), 86 Ohio St.3d 29, 711 N.E.2d 225, reconsideration denied (1999), 86 Ohio St.3d 1467, 715 N.E.2d 569.
[5] See id. at syllabus.
[6] See id. at 32, 711 N.E.2d at 227-228.
[7] See, e.g., Cook v. Cincinnati (1995), 103 Ohio App.3d 80, 90,658 N.E.2d 814, 820, citing State ex rel. Carter v. Schotten
(1994), 70 Ohio St.3d 89, 637 N.E.2d 306.