[Cite as *Toth v. United States Steel Corp.*, 2012-Ohio-1390.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| JOSEPH TOTH | | C.A. No. 10CA009895 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| UNITED STATES STEEL CORP. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No. 09CV163574 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2012

---

DICKINSON, Judge.

INTRODUCTION

{¶1} Joseph Toth has been confined to a wheelchair and receiving permanent total disability benefits from the Workers' Compensation Fund since he was injured while working for United States Steel Corporation in 1965. In 2004, he fell from his wheelchair and struck his head on a table, causing a hemorrhagic stroke that left him with a number of additional serious medical problems. Following his traumatically induced stroke, he sought additional medical coverage from the Workers' Compensation Fund for the new medical conditions, arguing that his new injury was a residual injury causally related to the original work-related injury. The trial court denied his motion for summary judgment and granted summary judgment to U.S. Steel. This Court affirms because Mr. Toth's fall from the wheelchair was caused by the intervening superseding negligence of a third-party.

BACKGROUND

**{¶2}** The facts of this case are undisputed and may be gleaned from the complaint and the attached exhibits. Mr. Toth worked for U.S. Steel from 1946 until 1965 when he lost the use of his legs due to an injury at work. His claim with the Bureau of Workers' Compensation was allowed for a ruptured disc at the L1-L2 level. In April 2004, a nurse's aide lifted his legs unexpectedly during a transfer, causing him to fall from his wheelchair and strike his head on a table, resulting in a right parietal bleed or hemorrhagic stroke. This matter arose from his efforts to recover from the Bureau of Workers' Compensation for the 2004 injury.

**{¶3}** Mr. Toth moved the Bureau to amend his claim allowance to include coverage for treatment of his head injury as flowing from his original industrial injury suffered at U.S. Steel. A District Hearing Officer denied the additional allowance, having determined the fall from the wheelchair was caused by a home health aide who created an intervening superseding cause, breaking the chain of causation set in motion by the ruptured disc in 1965. Mr. Toth appealed to the Industrial Commission, which vacated the order of the District Hearing Officer and granted the motion for the additional allowance of the new condition as a "flow-thru injury."

**{¶4}** U.S. Steel appealed that decision to the Industrial Commission, but the appeal was refused. Apparently, U.S. Steel filed a notice of appeal with the Lorain County Common Pleas Court. Under Section 4123.51.2(D) of the Ohio Revised Code, Mr. Toth was required to file a "petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund[.]" He apparently did that in case number 06 CV 146551, which he voluntarily dismissed before trial. In August 2009, Mr. Toth refiled his "complaint" in this case, seeking participation in the Workers' Compensation Fund for the 2004 head injury.

{¶5} The trial court set a dispositive motion deadline of August 30, 2010, with responses due on or before September 13, 2010. U.S. Steel moved for summary judgment on August 27, and Mr. Toth moved for summary judgment on August 30. Mr. Toth opposed U.S. Steel's motion for summary judgment with a one paragraph memorandum indicating that "[t]he specific reasons for this request [for the court to overrule U.S. Steel's motion for summary judgment] are explained in detail in Plaintiff's previously filed [m]otion for [s]ummary [j]udgment and [b]rief in [s]upport, incorporated herein by reference. In summary, Plaintiff's stroke is a legitimate and compensable 'flow-through' injury, proximately caused by his original allowed injuries in his Workers' Compensation claim[.]" Mr. Toth's memorandum in opposition to summary judgment was time-stamped on September 3, but according to the certificate of service, he mailed it on September 1. The trial court denied Mr. Toth's motion and granted summary judgment to U.S. Steel on September 1, 2010, the same day Mr. Toth served his response to U.S. Steel's motion.

## SUMMARY JUDGMENT

{¶6} Mr. Toth's assignment of error is that the trial court incorrectly denied his motion for summary judgment and granted summary judgment to U.S. Steel. Although a court of common pleas gives no deference to the Industrial Commission's decision in an appeal to it under Section 4123.51.2 of the Ohio Revised Code, an appeal to this Court from the trial court's decision is subject to "the law applicable to the appeal of civil actions." R.C. 4123.51.2(E); *Luo v. Gao*, 9th Dist. No. 23310, 2007-Ohio-959, at ¶ 6. The trial court disposed of this matter via summary judgment, having determined that there were no genuine issues of material fact for trial and that U.S. Steel was entitled to judgment as a matter of law. It, therefore, denied Mr. Toth's motion for summary judgment and granted U.S. Steel's motion. This Court reviews cases

decided on summary judgment de novo according to the standard set forth in Rule 56 of the Ohio Rules of Civil Procedure. *New Destiny Treatment Ctr. Inc. v. Wheeler*, 129 Ohio St. 3d 39, 2011-Ohio-2266, at ¶ 24.

{**¶7**} "A 'residual' workers' compensation claim occurs when a claimant's work-induced injury generates a medical condition in a body part other than [the one] the claimant originally specified." *Specht v. BP Am. Inc.*, 86 Ohio St. 3d 29, 30 (1999); *see also* R.C. 4123.84(C) ("The commission has continuing jurisdiction . . . to award compensation or benefits for loss or impairment of bodily functions developing in a part or parts of the body not [previously] specified . . . if the commission finds that the loss or impairment of bodily functions was due to and a result of or a residual of the [original] injury[.]"). "Where a workman has sustained an accidental injury arising out of [his] employment, he may or may not be allowed compensation for subsequent harm or injurious effects, depending upon whether they are the direct or proximate consequences of the accidental injury, or whether the chain of causation has been broken by intervening or superseding causes." *Fox v. Indus. Comm'n of Ohio*, 162 Ohio St. 569, 575, (1955). "[T]he proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which that event would not have occurred." *Aiken v. Indus. Comm'n*, 143 Ohio St. 113, 117 (1944).

{**¶8**} Mr. Toth's argument is that he would not have struck his head and suffered a stroke if he had not been confined to a wheelchair due to injuries received at U.S. Steel. The parties do not dispute any facts in this refiled action. The only question is a legal one, that is, whether Mr. Toth presented evidence of a causal relationship between his 1965 back injury and his 2004 fall sufficient to create a genuine issue of material fact regarding whether his back injury was a proximate cause of the stroke. The trial court determined that U.S. Steel was

entitled to judgment as a matter of law because Mr. Toth's head injury was not a residual injury resulting from his compensable workplace back injury. U.S. Steel has argued that the fall was caused by the independent negligence of the nurse's aide, creating an intervening superseding cause that broke the chain of causation between the back injury and the head injury. U.S. Steel has argued that these facts are analogous to those considered by the Third District Court of Appeals in *Iiams v. Corporate Support Inc.*, 98 Ohio App. 3d 477 (3d Dist. 1994).

{¶9}    In *Iiams*, the trial court determined that the claimant was not entitled to compensation from the Workers' Compensation Fund for a neck injury that she suffered when her hospital bed collapsed while she was recuperating from work-related injuries to her lower back, sacrum, and right elbow. *Iiams v. Corporate Support Inc.*, 98 Ohio App. 3d 477, 479 (3d Dist. 1994). According to the trial court, the neck injury was not causally related to her original work-related injuries because it "did not arise 'in a natural and continuous sequence, unbroken by any new independent cause . . . without which [it] would not have occurred.'" *Id.* at 480. It determined that the collapse of the hospital bed was an intervening act sufficient to break the chain of causation. *Id.* (citing *Fox v. Indus. Comm'n of Ohio*, 162 Ohio St. 569, 575 (1955)). It determined, and the Third District agreed, that the employer could not be held liable for injuries caused by the collapse of the hospital bed because it was caused by an unforeseeable act of a negligent third-party. *Id.* (citing *Cascone v. Herb Kay Co.*, 6 Ohio St. 3d 155, paragraph one of the syllabus (1983) ("Whether an intervening act breaks the causal connection between negligence and injury . . . depends upon whether that intervening cause was a conscious and responsible agency which could or should have eliminated the hazard, and whether the intervening cause was reasonably foreseeable by the one who was guilty of the negligence.")).

{¶10}  Mr. Toth, on the other hand, has argued that the facts are more analogous to those considered by the Eighth District Court of Appeals in *Kenyon v. Scott Fetzer Co.*, 113 Ohio App. 3d 264 (8th Dist. 1996).   In that case, the trial court held, and the appellate court agreed, that the claimant's heart attack, suffered during the course of his treatment for work-related injuries to his hip and groin, was a compensable residual injury proximately caused by the original injuries. *Kenyon*, 113 Ohio App. 3d at 267-68.  Mr. Kenyon fell at work, causing injuries that required surgical replacement of both hips.  Following the second surgery, he was being taken by ambulance to a rehabilitation hospital when the ambulance attendants dropped his gurney.  An hour later, when Mr. Kenyon arrived at the second hospital, doctors diagnosed a heart attack. Before that time, Mr. Kenyon had not been diagnosed with coronary artery disease.  An expert cardiologist testified, however, that Mr. Kenyon's heart attack was a "direct result" of the work-related hip and groin injuries through a series of factors including decreased mobility, ulcers, and pain.  *Id*. at 266.  The cardiologist testified that the multiple surgeries and recovery periods required to treat the allowed conditions aggravated and accelerated Mr. Kenyon's coronary disease.  Although the fright caused by being dropped while strapped to a gurney triggered the heart attack, the court determined that it did not cause the underlying coronary disease.  *Id.* at 268.

{¶11}  The court in *Kenyon* distinguished *Iiams*.  "While [in] both cases . . . there was a dropping of the claimant just prior to the outward manifestation of the residual injury, the underlying cause of the [subsequent] injury in *Iiams* is distinguishable . . . [because] the collapse of the bed [in *Iiams*] caused the new injury [and] there was nothing demonstrating a connection between the allowed injury and the [new injury] apart from the claimant's being in the hospital bed recuperating from the allowed injury . . . [at the time of the collapse]."  *Kenyon v. Scott*

*Fetzer Co.*, 113 Ohio App. 3d 264, 267 (8th Dist. 1996). In *Kenyon*, on the other hand, there was expert testimony tending to show that the allowed conditions and the treatment of them over time aggravated an underlying condition of coronary disease, which first manifested itself with a heart attack triggered by being dropped by ambulance attendants. *Id.*

{¶12} The facts of the present case more closely resemble the facts of *Iiams* than those of *Kenyon*. In this case, there was no expert or other testimony tending to show that anything other than the fall from the wheelchair caused Mr. Toth's stroke. Mr. Toth testified at deposition that the nurse's aide who was helping him with a transfer to the wheelchair caused him to fall over backward and hit his head on a table, causing the stroke. The expert report that Mr. Toth filed in April 2010 cannot properly be considered under Rule 56(C) of the Ohio Rules of Civil Procedure because it is not incorporated into an affidavit. In any event, the report of Victor Trzeciak, M.D., does not include a statement that, let alone any explanation regarding how, Mr. Toth's paralysis more likely than not caused his stroke. The parties seem to agree that the trauma of striking his head on a table while falling from the wheelchair caused Mr. Toth's stroke. They also agree that the nurse's aide's negligence caused Mr. Toth to fall from the wheelchair. The tipping of the wheelchair was an unforeseeable act of a negligent third-party, similar to the collapse of the hospital bed in *Iiams*. *See Iiams v. Corporate Support Inc.*, 98 Ohio App. 3d 477, 480 (3d Dist. 1994). The evidence tended to show that the nurse's aide's negligent act was an independent superseding cause of the stroke. There is no evidence in the record to create a genuine issue of material fact regarding the cause of the stroke.

{¶13} As a matter of law, the fact that Mr. Toth was in a wheelchair and receiving help from a nurse's aide due to injuries received at U.S. Steel does not create a sufficient causal connection to hold U.S. Steel liable for Mr. Toth's stroke and its aftermath. There is no genuine

issue of material fact regarding whether Mr. Toth's ruptured L1-L2 disc caused his stroke, and U.S. Steel is entitled to judgment as a matter of law. Mr. Toth's assignment of error is overruled.

CONCLUSION

**{¶14}** Mr. Toth's assignment of error is overruled because there is no genuine issue of material fact regarding whether his allowed condition of a ruptured disc at L1-L2 caused him to fall from his wheelchair and suffer a traumatically induced stroke. Mr. Toth testified that a nurse's aide caused him to fall and there was no evidence tending to show any connection between the ruptured disc and the hemorrhagic stroke. The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                            _____

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, J.
<u>CONCURS.</u>

BELFANCE, P. J.
<u>DISSENTING.</u>

**{¶15}** I respectfully dissent. In this matter, the trial court ruled on the summary judgment motions on September 1, 2010, in contravention of its own August 6, 2010 order stating that responses were due on or before September 13, 2010. Procedural fairness is fundamental to the summary judgment process. This Court has previously stated that summary judgment should only be granted after all parties have had a fair opportunity to be heard. *Bank of New York v. Brunson*, 9th Dist. No. 25118, 2010-Ohio-3978, ¶ 10; *see also TimePayment Corp. v. Rite Stop, Inc.*, 8th Dist. No. 95334, 2010-Ohio-5852, ¶ 10 (concluding the trial court erred in prematurely considering the summary judgment motions even though the issue was not specifically raised on appeal). Here, the trial court's August 6, 2010 order provided that responses were due on or before September 13, 2010; thus, any ruling on the motions for summary judgment prior to that date was premature.

**{¶16}** Accordingly, I would take no position on the merits of Mr. Toth's complaint and would remand the matter to the trial court for further consideration.

APPEARANCES:

ROBERT C. OCHS and JESSE M. SCHMIDT, Attorneys at Law, for Appellant.

LEE S. KOLCZUN, Attorney at Law, for Appellant.

ROBERT C. MCCLELLAND and ERIN E. HOOPER, Attorneys at Law, for Appellee.